UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 3:05-00215
                                  )          JUDGE CAMPBELL.
WALTER HENDRIX, JR.               )


ORDER

Pending before the Court are the Defendant's Motion For Modification And Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And New Retroactive Amendment 782 (Docket No. 100); a Supplemental Brief (Docket No. 103), filed by counsel for the Defendant; and the Government's Response (Docket No. 104). Through the Motion, the Defendant requests a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. (Background Information Section of Frequently Asked Questions:  Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov.)  The Amendment was given retroactive effect, but offenders may not be released from prison based on the Amendment earlier than November 1, 2015.  *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010).  A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made

retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

> * * *

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

In this case, the Defendant was charged with being a convicted felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924; possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1); and possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924. (Docket No. 14). During pretrial proceedings, Defendant's counsel filed a motion to suppress statements made by the Defendant and evidence seized after the Defendant's arrest. (Docket Nos. 40, 41). The Court held a two-day evidentiary hearing on the motions, and ultimately ruled that the motions should be denied. (Docket No. 54).

The Defendant subsequently pled guilty, pursuant to a Plea Agreement, to the drug charge and to being a convicted felon in possession of firearms. (Docket Nos. 64, 65). Through the Plea Agreement, the Defendant agreed that he was a Career Offender under the Sentencing Guidelines, and the Government agreed not to file a statutory sentencing enhancement under 21 U.S.C. § 851. (Id.)

At the sentencing hearing, the Court determined that the Defendant was a Career Offender, and was subject to a sentencing guideline range of 168 to 210 months, based on a Total Offense Level of 30 and a Criminal History Category of VI. (Docket Nos. 74, 77, 99). The Total Offense Level was based on the guideline calculation for the firearms conviction, U.S.S.G. § 2K2.1, since it was higher than the calculation for the drug conviction, U.S.S.G. § 2D1.1. (Docket No. 77, at ¶¶ 45, 94; U.S.S.G. § 3D1.3(a)). The Court sentenced the Defendant to a total sentence of 168 months of imprisonment. (Docket Nos. 74, 75, 99).

As the Supplement To The Presentence Report indicates, the Defendant remains subject to the same Total Offense Level, which is driven by the firearms sentencing guideline, rather than the drug quantity guideline. Therefore, Amendment 782's two-level reduction to the Drug Quantity Table does not lower his Total Offense Level. Because the Defendant's sentence was not based "on a sentencing range that has subsequently been lowered," within the meaning of Section 3582(c)(2), his request for a sentencing reduction based on Amendment 782 is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE